UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

U.S. BANK NATIONAL ASSOCIATION,
*as Trustee for the RMAC TRUST, SERIES
2016-CTT*

                    Plaintiff,

    v.

COURTNEY R. MC DERMOTT, *aka*
COURTNEY R. MCDERMOTT and MARK
A. MC DERMOTT *aka* MARK A.
MCDERMOTT

                  Defendants.

No. 20-CV-352 (KMK)

<u>OPINION & ORDER</u>

<u>Appearances:</u>

Stephen John Vargas, Esq.
Gross Polowy LLC
Westbury, NY
*Counsel for Plaintiff*

Nicholas John Bebirian, Esq.
Ropes & Gray LLP
New York, NY
*Counsel for Plaintiff*

Brian C. Fetzko, Esq.
Fetzko Law Offices, P.C.
Middletown, NY
*Counsel for Defendant Mark A. Mc Dermott*

KENNETH M. KARAS, District Judge:

      U.S. Bank National Association ("Plaintiff"), as trustee for the RMAC Trust, Series

2016-CTT ("RMAC Trust"), brings this Action pursuant to New York Real Property Actions and

Proceeding Law ("RPAPL") Article 13 against Courtney R. Mc Dermott, also known as

Courtney R. McDermott ("Courtney McDermott") and Mark A. Mc Dermott, also known as

Mark A. McDermott ("Mark McDermott"; together, "Defendants") to foreclose a mortgage

encumbering a property located at 41 Clinton Street, Middletown, NY 10940. (*See* Compl. ¶ 1

(Dkt. No. 1).)  Before the Court are two Motions: (1) Plaintiff's Motion for Summary Judgment

against Mark McDermott and (2) Plaintiff's Motion for Default Judgment against Courtney

McDermott.  (*See* Not. of Mot. (Dkt. No. 23).)  For the reasons articulated below, the Motion for

Default Judgment is denied, and the Motion for Summary Judgment is granted.

## I.  Background

### A.  Factual Background

The following facts are taken from the Plaintiff's Statement Pursuant to Local Rule 56.1

(Pl.'s Rule 56.1 Statement in Supp. of Mot. for Summ. Judg. ("Pl.'s 56.1") (Dkt. No. 25)), and

the admissible evidence submitted by the Parties.  The facts are recounted "in the light most

favorable to" Mark McDermott, the non-movant on the claims subject to Federal Rule of Civil

Procedure 56.  *Torcivia v. Suffolk County*, 17 F.4th 342, 354 (2d Cir. 2021).  The facts as

described below are in dispute only to the extent indicated. [1]

---

[1] Local Civil Rule 56.1(a) requires the moving party to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried."  Local Civ. R. 56.1(a).  The nonmoving party, in turn, must submit "a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short[,] and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried."  Local Civ. R. 56.1(b).  "A nonmoving party's failure to respond to a Rule 56.1 statement permits the [C]ourt to conclude that the facts asserted in the statement are uncontested and admissible."  *T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009).

Here, Plaintiff submitted its Statement pursuant to Local Rule 56.1.  (*See* Pl.'s 56.1.) Defendant failed to respond to Plaintiff's 56.1 Statement.  (*See* Dkt.)  Accordingly, the Court may conclude that the facts in Plaintiff's 56.1 Statement are uncontested and admissible. *See Biberaj v. Pritchard Indus., Inc.*, 859 F. Supp. 2d 549, 553 n.3 (S.D.N.Y. 2012) (explaining that "[t]o the extent that this [c]ourt relies on facts drawn from [the] [d]efendants' Rule 56.1 [s]tatement, it does so because [the] [p]laintiff has not disputed those facts" since "[the] [p]laintiff did not submit a Rule 56.1 statement"); *see also Giannullo v. City of New York*, 322

On May 9, 2007, Defendants executed and delivered a promissory note in the principal sum of $147,900.00 to the Home Loan Center Inc., with interest charged on the unpaid principal until the entire amount of principal and interest is paid.  (Pl.'s 56.1 ¶ 2.)  On the same day, Defendants also executed and delivered a mortgage to the Home Loan Center Inc., which secured the real property located at 41 Clinton Street, Middletown, NY 10940 as collateral security for repayment of the promissory note.  (*Id.* ¶ 3.)  Plaintiff is the holder of the promissory note and mortgage.  (*Id.* ¶ 6.)

The mortgage was recorded in the Orange County Clerk's Office on May 17, 2007, and the recording tax was paid.  (*Id.*)  On April 8, 2010, Defendants entered into a Loan Modification Agreement, which modified the terms of the promissory note and mortgage.  (*Id.* ¶ 4.)  On April 5, 2018, Defendants entered into a second Loan Modification Agreement, which further modified the terms of the promissory note and mortgage.  (*Id.* ¶ 5.)

Plaintiff alleges that Defendants are in default for failing to make monthly payments since May 1, 2018.  (*Id.* ¶ 7.)  On July 16, 2019, Plaintiff, through its mortgage loan servicer and attorney-in-fact, Rushmore Loan Management Services, LLC ("Rushmore"), mailed Defendants ninety-day pre-foreclosure notices to the address at 41 Clinton Street, in compliance with RPAPL § 1304.  (*Id.* ¶ 8.)  On July 17, 2019, Rushmore electronically filed notice with the Superintendent of Financial Services, in compliance with RPAPL § 1306(2).  (*Id.* ¶ 9.)  On

---

F.3d 139, 140 (2d Cir. 2003) ("If the opposing party . . . fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." (citations omitted)); *Osagiede v. Carlo Shipping Int'l Inc.*, No. 18-CV-07358, 2022 WL 43750, at *1 (E.D.N.Y. Jan. 5, 2022) (deeming the facts set forth in the moving party's 56.1 statement to be admitted where the non-moving party failed to submit a Rule 56.1 statement in response).

September 16, 2019, Plaintiff, through its mortgage loan servicer, mailed a contractual pre-acceleration notice of default to Defendants. (*Id.* ¶ 10.)

B. Procedural History

Plaintiff filed their Complaint on January 14, 2020. (Dkt. No. 1.) Mark McDermott filed his Answer on February 10, 2020. (Dkt. No. 8.) On May 1, 2020, Plaintiff filed a letter informing the Court that it had offered Defendants a Trial Period Plan ("TPP") offer, under which they would be required to make monthly payments starting in April 2020 through September 2020, after which Plaintiff would have likely offered a loan modification to settle the case. (Dkt. No. 12.) Plaintiff reported that Defendants did not respond to the offer. (*Id.*) Plaintiff also noted that it had been adhering to the Coronavirus, Aid, Relief and Economic Security Act, which imposed a sixty-day foreclosure moratorium, but Plaintiff stated that it intended to resume prosecution of the case on May 18, 2020, when the moratorium was set to elapse. (*Id.*)

On May 28, 2020, the Clerk's Office issued a Certificate of Default as to Courtney McDermott. (Dkt. No. 18.)

On September 27, 2021, Plaintiff filed a letter outlining the grounds for their anticipated Motion for Summary Judgment and Motion for Default Judgment. (Dkt. No. 19.) Defendants did not respond. (*See* Dkt.) On October 20, 2021 the Court set a briefing schedule. (Dkt. No. 22.) Plaintiff filed its Motion for Summary Judgment, Motion for Default Judgment, and accompanying papers on November 3, 2021. (Dkt. Nos. 23–27.) Because Defendants did not respond, the Motions are deemed fully submitted.

## II.  Discussion

### A. Subject Matter Jurisdiction

As an initial matter, Plaintiff notes that the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.  (Pl.'s Mem. of Law in Supp. of Mot. for Summ. J., Default J., J. of Foreclosure and Sale, and Related Relief ("Pl.'s Mem.") 7–17 (Dkt. No. 24).)  The Court agrees that there is diversity jurisdiction.

"Under 28 U.S.C. § 1348, all national banking associations 'shall, for the purposes of . . . actions by or against them, be deemed citizens of the States in which they are respectively located.'"  *U.S. Bank Tr., N.A., as Tr. for LSF9 Master Participation Tr. v. Adhami*, No. 18-CV-530, 2019 WL 486086, at *3 (E.D.N.Y. Feb. 6, 2019) (quoting 28 U.S.C. § 1348)).  In *Wachovia Bank v. Schmidt*, the Supreme Court 'addressed the meaning of 'located' within § 1348, finding that a national banking association is located for diversity purposes 'in the State designated in its articles of association as its main office.'"  *U.S. Bank Tr., N.A. v. Dupre*, No. 15-CV-0558, 2016 WL 5107123, at *3 (N.D.N.Y. Sept. 20, 2016) (quoting *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006)); *see also U.S. Bank Tr., N.A. for LSF9 Master Participation Tr. v. Gross*, 255 F. Supp. 3d 427, 431 (W.D.N.Y. 2017) (citing same principle).

Here, Plaintiff attached its Articles of Incorporation as an exhibit, which show that its main office is located in Cincinnati, Ohio.  (*See* Pl.'s 56.1 ¶ 1; *see also* Decl. of Stephen J. Vargas in Supp. of Mot. ("Vargas Decl.") Ex. J (Dkt. No. 26-10).)[2]  Plaintiff is therefore a

---

[2] "[I]n considering whether Plaintiff, as trustee, has the power to file a lawsuit in its own name, courts have found that business trust trustees, who have legal title, manage the trust's assets, and control the litigation, and whose control over the assets is real and substantial, could sue in their own right without regard to the citizenship of the trusts' beneficiaries."  *Adhami*, 2019 WL 486086, at *3 n.4 (citing *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465-66 (1980)).

citizen of Ohio, and because Defendants are citizens of New York, and the amount in controversy exceeds $75,000, (*see* Pl.'s Mem. 7), the Court finds that it has subject matter jurisdiction.

### B. Motion for Default Judgment

This Court's Individual Rules of Practice state that "a Party who wishes to obtain a default judgment must proceed by way of an Order To Show Cause." Individual Rules of Practice of the Honorable Kenneth M. Karas, IV. Plaintiff did not move for a default judgment by way of an Order to Show Cause. (*See* Dkt.) Thus, Plaintiff's Motion for Default Judgment is denied without prejudice for failure to follow this Court's Individual Rules of Practice. Plaintiff may re-file its Motion for Default Judgment so that it complies with this Court's Individual Rules of Practice.

### C. Motion for Summary Judgment

#### 1. Standard of Review

Summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 123–24 (2d Cir. 2014) (same). "In determining whether summary judgment is appropriate," a court must "construe the facts in the light most favorable to the non-moving party and . . . resolve all ambiguities and draw all reasonable inferences against the movant." *Brod v. Omya, Inc.*, 653

---

Here, as in *Adhami*, the Trust Agreement between Plaintiff and RMAC Trust, (*see* Vargas Decl. Ex. K ("Trust Agreement") (Dkt. No. 26-11)), as well as the Limited Power of Attorney between Plaintiff and Rushmore, (*see* Vargas Decl. Ex I ("POA") (Dkt. No. 26-9)), reflect that Plaintiff "is authorized to act on the behalf of the Trust and has the ability to sue in its own right," *Adhami*, 2019 WL 486086, at *3 n.4. (*See also* Pl.'s Mem. 8–17.) Thus, as trustee, Plaintiff's citizenship is determinative of subject matter jurisdiction. *See Lee*, 446 U.S. at 466.

6

F.3d 156, 164 (2d Cir. 2011) (quotation marks omitted); *see also Borough of Upper Saddle River v. Rockland Cnty. Sewer Dist. No. 1*, 16 F. Supp. 3d 294, 314 (S.D.N.Y. 2014) (same).  "It is the movant's burden to show that no genuine factual dispute exists." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004); *see also Red Pocket, Inc. v. Interactive Commc'ns Int'l, Inc.*, No. 17-CV-5670, 2020 WL 838279, at *4 (S.D.N.Y. Feb. 20, 2020) (same); *Berry v. Marchinkowski*, 137 F. Supp. 3d 495, 521 (S.D.N.Y. 2015) (same).

"However, when the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim," in which case "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *CILP Assocs., L.P. v. Pricewaterhouse Coopers LLP*, 735 F.3d 114, 123 (2d Cir. 2013) (alteration and quotation marks omitted).  Further, "[t]o survive a [summary judgment] motion . . . , [a nonmovant] need[s] to create more than a 'metaphysical' possibility that his allegations were correct; he need[s] to 'come forward with specific facts showing that there is a genuine issue for trial,'" *Wrobel v. County of Erie*, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986)), "and cannot rely on the mere allegations or denials contained in the pleadings," *Guardian Life Ins. Co. v. Gilmore*, 45 F. Supp. 3d 310, 322 (S.D.N.Y. 2014) (quotation marks omitted); *see also Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) ("When a motion for summary judgment is properly supported by documents or other evidentiary materials, the party opposing summary judgment may not merely rest on the allegations or denials of his pleading . . . .").

"On a motion for summary judgment, a fact is material if it might affect the outcome of the suit under the governing law." *Royal Crown Day Care LLC v. Dep't of Health & Mental Hygiene*, 746 F.3d 538, 544 (2d Cir. 2014) (quotation marks omitted).  At this stage, "[t]he role of the court is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *Brod*, 653 F.3d at 164 (quotation marks omitted).  Thus, a court's goal should be "to isolate and dispose of factually unsupported claims." *Geneva Pharm. Tech. Corp. v. Barr Labs. Inc.*, 386 F.3d 485, 495 (2d Cir. 2004) (quotation marks omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986)).

When ruling on a motion for summary judgment, a district court should consider only evidence that would be admissible at trial.  *See Nora Beverages, Inc. v. Perrier Group of Am., Inc.*, 164 F.3d 736, 746 (2d Cir. 1998).  "[W]here a party relies on affidavits . . . to establish facts, the statements 'must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant . . . is competent to testify on the matters stated.'" *DiStiso v. Cook*, 691 F.3d 226, 230 (2d Cir. 2012) (quoting Fed. R. Civ. P. 56(c)(4)); *see also Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988) ("Rule 56 requires a motion for summary judgment to be supported with affidavits based on personal knowledge . . . ."); *Baity v. Kralik*, 51 F. Supp. 3d 414, 419 (S.D.N.Y. 2014) (disregarding "statements not based on [the] [p]laintiff's personal knowledge"); *Flaherty v. Filardi*, No. 03-CV-2167, 2007 WL 163112, at *5 (S.D.N.Y. Jan. 24, 2007) ("The test for admissibility is whether a reasonable trier of fact could believe the witness had personal knowledge." (quotation marks omitted)).

As a general rule, "district courts may not weigh evidence or assess the credibility of witnesses at the summary judgment stage." *Jeffreys v. City of New York*, 426 F.3d 549, 551 (2d Cir. 2005); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986) (noting that at the

8

summary judgment stage, the court is not to "weigh the evidence and determine the truth of the matter"); *Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 622 (2d Cir. 1999) ("Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." (citation omitted)).  Where the evidence presents "a question of 'he said, she said,'" the court "cannot . . . take a side at the summary judgment stage." *Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 726 (2d Cir. 2010); *see also Kassel v. City of Middletown*, 272 F. Supp. 3d 516, 535 (S.D.N.Y. 2017) (noting that "it is not the role of the [c]ourt at summary judgment to resolve [a] factual clash"); *Bale v. Nastasi*, 982 F. Supp. 2d 250, 258–59 (S.D.N.Y. 2013) (stating that "[w]here each side ... tells a story that is at least plausible and would allow a jury to find in its favor, it is for the jury to make the credibility determinations and apportion liability, and not for the court").  And, even if the non-movant's evidence is "thin, [a non-movant's] own sworn statement is adequate to counter summary judgment." *Scott v. Coughlin*, 344 F.3d 282, 290–91 (2d Cir. 2003) (holding that "[t]he credibility of [Plaintiff's] statements and the weight of contradictory evidence may only be evaluated by a finder of fact").

"If, as is applicable here, a non-moving party fails to oppose a summary judgment motion, then 'summary judgment, if appropriate, shall be entered against' him." *Barry v. Saw*, No. 04-CV-4144, 2006 WL 721351, at *2 (E.D.N.Y. Mar. 17, 2006) (quoting Fed. R. Civ. P. 56(e)).  "The Second Circuit has emphasized, however, that "where the non-moving party 'chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial.'" (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244); *see also Alvarez v. Detective Robert*

9

*Peters*, No. 19-CV-6789, 2022 WL 267891, at *2 (E.D.N.Y. Jan. 28, 2022) (citing same principle); *Roundtree v. New York City*, No. 15-CV-8198, 2021 WL 4504471, at *4 (S.D.N.Y. Sept. 30, 2021) (same).

### 2. Analysis

The Court will address the arguments set forth in Plaintiff's Memorandum as necessary to resolve the instant Motion for Summary Judgement.

#### a. Prima Facie Case

Plaintiff argues that it has established its prima facie entitlement to a judgment of foreclosure and sale. (*See* Pl.'s Mem. 17–18.) A plaintiff mortgagee in a foreclosure action establishes a prima facie case "by presenting a note, a mortgage, and proof of default . . . ." *E. Sav. Bank, FSB v. Evancie*, No. 13-CV-878, 2014 WL 1515643, at *4 (E.D.N.Y. Apr. 18, 2014) (citations omitted); *see also Freedom Mortg. Corp. v. Heirs*, No. 19-CV-1273, 2020 WL 3639989, at *4 (S.D.N.Y. July 6, 2020) (same). This creates a "presumptive right to foreclose that can only be overcome by an affirmative showing by the mortgagor." *Evancie*, 2014 WL 1515643, at *4 (citations omitted). "Under New York law, summary judgment in a mortgage foreclosure action is appropriate where the note and mortgage are produced to the Court along with proof that the mortgagor has failed to make payments due under the note." *U.S. Bank, N.A. v. Squadron VCD, LLC*, No. 10-CV-5484, 2011 WL 4582484, at *4 (S.D.N.Y. Oct. 3, 2011) (citations omitted), *aff'd*, 504 F. App'x 30 (2d Cir. 2012).

Here, there is no dispute that Plaintiff has established a prima facie case. Plaintiff has produced the promissory note, mortgage, and Loan Modification Agreements, (*see* Vargas Decl. Ex. B (Dkt. No. 26-2)), and has offered an affidavit and documentation indicating that Mark McDermott has been in default of his loan obligations since July 1, 2018, (*see* Pl.'s 56.1 ¶ 7; *see*

*also* Vargas Decl. ¶ 4).  Mark McDermott has not offered an affidavit or other evidence to refute Plaintiff's submissions, and has not disputed that Plaintiff has produced adequate evidence of default.  "Plaintiff has therefore established a prima facie case and is presumptively entitled to foreclosure."  *CIT Bank, N.A. v. Portfolio Recovery Assocs., LLC*, No. 15-CV-8618, 2017 WL 2819867, at *3 (S.D.N.Y. June 28, 2017); *see also Avail 1 LLC v. Latief,* No. 17-CV-5841, 2020 WL 5633869, at *6 (E.D.N.Y. Aug. 14, 2020), *report and recommendation adopted*, 2020 WL 5633099 (E.D.N.Y. Sept. 21, 2020) (finding that the plaintiff had established a prima facie case and was therefore entitled to foreclosure where the plaintiff provided the court with the mortgage, note, and an affidavit evidencing the defendant's default, and the defendant failed to make a contrary showing).

Accordingly, "the burden shifts" to Defendants to establish any affirmative defenses.  *E. Sav., FSB v. Thompson*, No. 12-CV-1197, 2016 WL 2977268, at *2 (E.D.N.Y. May 19, 2016); *see also Freedom Mortg. Corp.*, 2020 WL 3639989, at *4 (same).

### b. Affirmative Defenses

Plaintiff next argues that Mark McDermott's affirmative defenses, which he raised in his Answer, (*see* Answer (Dkt. No. 8)), are meritless, (*see* Pl.'s Mem. 18–26).  Where a defendant fails to respond to a 56.1 Statement, a court may consider a defendant's verified answer as it would consider an opposition to a 56.1 Statement, but all assertions, "including its affirmative defenses, must be supported by specific facts to raise a genuine dispute" and "conclusory assertions will not be considered."  *Bank of Am., N.A. v. Vanderbilt Trading USA LLC*, No. 17-CV-7167, 2019 WL 8807747, at *5 (E.D.N.Y. Sept. 9, 2019); *see also Signature Fin. LLC v. Neighbors Glob. Holdings*, LLC, No. 17-CV-6089, 2018 WL 2138624, at *5 (S.D.N.Y. May 9,

11

2018) (requiring that a verified answer contain "specific factual allegations" to resist a motion for summary judgment).

Here, each of Mark McDermott's affirmative defenses is conclusory and is not supported by any specific factual allegations. (*See* Answer ¶¶ 20–25.) Thus, these affirmative defenses cannot withstand a motion for summary judgment. In any event, however, the affirmative defenses also fail on the merits. The Court will address each in turn.

### i. Failure to State a Claim

First, Mark McDermott alleged that Plaintiff failed to state a claim upon which relief can be granted. (*See* Answer ¶ 20.) However, as discussed, Plaintiff has established a prima facie case of foreclosure under New York law, and thus, by definition, Plaintiff states a claim for foreclosure. *See supra* Part II.C.2.a.

### ii. Statute of Limitations

Second, Mark McDermott alleged that Plaintiff's claim is barred, in whole or in part, by the applicable statute of limitations. (*See* Answer ¶ 21.) "In New York, an action to foreclose on a mortgage is subject to a six-year statute of limitations." *53rd St., LLC v. U.S. Bank Nat'l Ass'n*, 8 F.4th 74, 78 (2d Cir. 2021); *see* N.Y. C.P.L.R. § 213(4) ("The following actions must be commenced within six years: . . . an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein."); *Wells Fargo Bank, N.A. v. Burke*, 943 N.Y.S.2d 540, 542 (N.Y. App. Div. 2012) ("As a general matter, an action to foreclose a mortgage may be brought to recover unpaid sums which were due within the six-year period immediately preceding the commencement of the action.") The statute of limitations "begins to run six years from the due date for each unpaid installment or the time the mortgagee is entitled

to demand full payment, or when the mortgage has been accelerated by a demand or an action is brought." *Secured Asset Mgmt., LLC v. Cong. Beth Joseph Zwi Dushinsky*, No. 17-CV-05588, 2019 WL 4861411, at *7 (E.D.N.Y. Sept. 30, 2019), *aff'd sub nom. Secured Asset Mgmt., LLC v. Dushinsky*, 828 F. App'x 815 (2d Cir. 2020) (quotation marks omitted).

Here, Defendants defaulted on their monthly mortgage payment on May 1, 2018 and failed to pay subsequent installments. (*See* Pl.'s 56.1 ¶ 7; *see also* Vargas Decl. ¶ 4.) Plaintiff brought this Action on January 14, 2020, when it filed its Complaint in this Court. (*See* Compl.) Thus, "Plaintiff is well within the six-year limitations period in filing this action." *Secured Asset Mgmt.*, 2019 WL 4861411, at *7.

### iii. Standing

Third, Mark McDermott alleged that Plaintiff lacks standing to bring this action, as it is not the proper owner or party in interest of the mortgage and note. (*See* Answer ¶ 22.) "Under New York law, '[a] plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of the underlying note.'" *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 222 (2d Cir. 2016) (quoting *Wells Fargo Bank*, 943 N.Y.S.2d at 544)). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident." *Id.* (quoting *U.S. Bank, N.A. v. Collymore*, N.Y.S.2d 578, 580 (N.Y. App. Div. 2009)).

"New York courts have repeatedly held that proof of physical possession . . . is sufficient on its own to prove a plaintiff's standing to foreclose on the mortgage associated with the note." *Id.* at 223 (collecting cases). In *OneWest Bank*, the Second Circuit found that affidavits from the

plaintiff's corporate representative and counsel averring that the plaintiff had physical possession of the note at the time of the commencement of the action were sufficient to establish standing and that the plaintiff "had no obligation to provide details pertaining to the transfer or delivery of [the] [n]ote in order to prove its standing to foreclose on the associated mortgage." *Id.*; *see also Cit Bank, N.A. v. Conroy*, No. 14-CV-5862, 2018 WL 4861373, at *6 (E.D.N.Y. Oct. 5, 2018), *aff'd sub nom. CIT Bank N.A. v. Donovan*, 856 F. App'x 335 (2d Cir. 2021) ("The [affidavits] provide sufficient evidence of physical possession to prove [the] plaintiff's standing to foreclose on the mortgage associated with the [n]ote.").

Here, Plaintiff has provided an affidavit stating that, "[p]rior to the commencement of this action, the promissory note and mortgage were physically delivered to the Plaintiff and written assignments of the mortgage were recorded in the Orange County Clerk's Office." (Vargas Decl. ¶ 3.)  Thus, the Court is satisfied that Plaintiff has established standing.

### iv. Personal Jurisdiction

Fourth, Mark McDermott alleged that the Court lacks personal jurisdiction over this Action due to improper service of the Summons and Complaint.  (Answer ¶ 23.)  Federal Rule of Civil Procedure 4 provides that "an individual . . . may be served in a judicial district of the United States by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." Fed. R. Civ. P. 4(e)(1).  Under New York law, personal service can be made

> by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

N.Y. C.P.L.R. § 308.  Additionally, under New York law, "[a] process server's affidavit of service constitutes prima facie evidence of proper service." *Deutsche Bank Nat'l Tr. Co. v. Benitez*, 118 N.Y.S.3d 173, 174 (N.Y. App. Div. 2020); *see also Deutsche Bank Nat'l Tr. Co. v. Fitzsimmons*, 147 N.Y.S.3d 603, 605 (N.Y. App. Div. 2020), *leave to appeal dismissed*, 37 N.Y.3d 1039 (2021) (same); *JPMorgan Chase Bank, Nat'l Ass'n v. Grinkorn*, 102 N.Y.S.3d 210, 213 (N.Y. App. Div. 2019) (same).  Here, Plaintiff filed an Affidavit of Service confirming that each Defendant was served with the Summons and Complaint by a process server.  (*See* Dkt. Nos. 6, 7.)  Thus, the argument that the Court does not have personal jurisdiction over Defendants for lack of proper service fails.

### v. RPAPL §§ 1304 and 1306

Finally, Mark McDermott alleged that Plaintiff failed to comply with the notice requirements under RPAPL §§ 1304 and 1306.  (Answer ¶¶ 24, 25.)

RPAPL § 1304(1) provides that "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." RPAPL § 1304(1).  "The notice must be sent by registered or certified mail and by first-class mail to the last known address of the borrower and to the premises at issue." *Deutsche Bank Nat'l Tr. Co. v. Weininger*, No. 2019-11286, 2022 WL 2232069, at *1 (N.Y. App. Div. June 22, 2022) (citing RPAPL § 1304(2)).

"Proper service of RPAPL [§] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition." *CIT Bank N.A. v. Schiffman*, 948 F.3d 529, 533 (2d Cir. 2020) ("*Schiffman I*") (quoting *Deutsche Bank Nat. Tr. Co. v. Spanos*, 961 N.Y.S.2d 200,

202 (N.Y. App. Div. 2013)); *see also CIT Bank, N.A. v. Neris*, No. 18-CV-1511, 2022 WL 1799497, at *3 (S.D.N.Y. June 2, 2022) (same).  "Compliance with § 1304 can be 'established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure.'" *Schiffman I*, 948 F.3d at 533 (quoting *Citibank, N.A. v. Conti-Scheurer*, 98 N.Y.S.3d 273, 277 (N.Y. App. Div. 2019)); *see also Miami Home LLC v. Viera*, No. 18-CV-1398, 2022 WL 1693822, at *4 (E.D.N.Y. May 26, 2022) (same).

Here, Plaintiff attached an affidavit stating that Rushmore, in accordance with its standard business practice and procedures, sent Defendants proper notice under § 1304 by first-class and certified mail to 41 Clinton Street, Middleton, NY 10940 on July 16, 2019.  (*See* Vargas Decl. Ex. G (Dkt. No. 26-7); Vargas Decl. Ex. H (Dkt. No. 26-8); Pl.'s 56.1 ¶ 8.) Plaintiff also attached copies of those mailings to the affidavits, which mailings are addressed to Defendants and contain what appears to be certified or first-class mail barcodes.  (*See* .Vargas Decl. Ex. G; Vargas Decl. Ex. H.)  The Court finds that these submissions are sufficient to establish that Plaintiff complied with RPAPL § 1304, and that Mark McDermott's "bare denial of receipt of the RPAPL notice [in his Answer is] insufficient to raise a triable issue of fact." *Nationstar Mortg., LLC v. LaPorte*, 79 N.Y.S.3d 70, 72–73 (N.Y. App. Div. 2018) (granting summary judgment where "the plaintiff's submissions included an affidavit of a person employed by the plaintiff . . . that described the procedure by which the RPAPL [§] 1304 notice was mailed to the defendant by both certified and first-class mail" as well as "a copy of a [mailing] addressed to the defendant bearing a certified mail twenty-digit barcode, and a copy of the RPAPL 1304 notices sent to the defendant"); *HSBC Bank USA, Nat'l Ass'n v. Ozcan*, 64

16

N.Y.S.3d 38, 43–44 (N.Y. App. Div. 2017) (finding that "the plaintiff's submissions demonstrated, prima facie, that it complied with the mailing requirements of RPAPL [§] 1304" where a loan servicer swore to personal knowledge of business records and plaintiff's regular mailing practices, affirmed mailing occurred by first-class and certified mail, made references to bar codes, and attached copies of the 90-day notices).

"RPAPL § 1306 further requires that a foreclosure plaintiff file certain information, within three business days of mailing a § 1304 notice, with a state regulator, the Superintendent of Financial Services." *CIT Bank, N.A. v. Schiffman*, 999 F.3d 113, 117 (2d. Cir. 2021) ("*Schiffman II*") (citing RPAPL § 1306(1)). "Among other information, the § 1306 filing must include 'the name, address, last known telephone number of the borrower, and the amount claimed as due and owing on the mortgage.'" *Id.* (citing RPAPL § 1306(2)); *see also Wilmington PT Corp. v. Bonilla*, No. 19-CV-2684, 2021 WL 7908030, at *3 (E.D.N.Y. Aug. 19, 2021) (citing same requirements).

Here, Plaintiff submitted an affidavit stating that Rushmore, in compliance with RPAPL § 1306, electronically filed notice with the Superintendent of Financial Services on July 17, 2019, which is within one day of the date that it mailed the notices to Defendants. (*See* Vargas Decl. Ex. G; Vargas Decl. Ex. H). Plaintiff also attached a copy of a document from the New York State Department of Financial Services entitled "Proof of Filing Statement." (*See* Vargas Decl. Ex. G; Vargas Decl. Ex. H). "Upon review of the Proof of Filing Statement issued by the New York State Department of Financial Services, attached to Plaintiff's [Motion], this Court finds Plaintiff has satisfied the § 1306 requirement." *Wilmington*, 2021 WL 7908030, at *3; *see also U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr., Series 2016-CTT v. Swezey*, No. 20-CV-91, 2022 WL 1422841, at *7 (E.D.N.Y. Mar. 24, 2022) (finding that the plaintiff had satisfied the

17

requirements of RPAPL § 1306 after reviewing a Proof of Filing Statement provided by the plaintiff).

The Court therefore finds that Plaintiff has satisfied the requirements of both RPAPL § 1304 and 1306.

\*       \*       \*

In sum, because Plaintiff has established a prima facie case of foreclosure, and because Mark McDermott's affirmative defenses all fail, Plaintiff is entitled to summary judgment on all claims against Mark McDermott.

## III. Conclusion

For the reasons stated above, Plaintiff's Motion for Summary Judgment is granted, and Plaintiff's Motion for Default Judgment is denied without prejudice.  Plaintiff may file a renewed motion for default judgment in accordance with this Court's Individual Rules of Practice.  The Clerk of Court is respectfully directed to enter Judgment against Mark McDermott and terminate the pending Motion.  (Dkt. No. 23.)

SO ORDERED.

DATED:      July 1, 2022
            White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE